No. 25-2035

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA EX REL. JASON WAWIERNIA
*Plaintiff – Appellant*

v.

THREDUP INC.
*Defendant-Appellee*

_____

On Appeal from the United States District Court for the Western District of Michigan

No. 1:24cv810

_____

# DEFENDANT-APPELLEE THREDUP INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RULING REGARDING DISMISSAL OF APPEAL

_____

Marisa T. Darden
Matthew D. Ridings
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
216-363-4500
MDarden@beneschlaw.com
MRidings@beneschlaw.com

April 27, 2026

Each and every Court of Appeals has held that "[t]o maintain a suit on behalf of the government, the relator . . . has to be either licensed as a lawyer or represented by a lawyer." *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *see also U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) ("[T]he need for adequate legal representation on behalf of the United States counsels against permitting pro se suits[.] Accordingly we grant [appellee's] motion in part and dismiss [appellant's] *qui tam* claims."); *Stephens v. Nat'l City Corp.*, No. 20-3746, 2021 WL 3027864, at * 4 (6th Cir. June 14, 2021) (unpublished) (same); *see also* Motion to Dismiss, Doc. 3, at 4. This case is no exception to the rule.

In his Response to the Motion to Dismiss[1] and Counter-Motion for Voluntary Dismissal without Prejudice and Request to Vacate Lower Court Judgment (the "Response"), Appellant Jason Wawiernia "acknowledges the precedent cited by ThredUp establishing that a qui tam action cannot proceed pro se to protect the interests of the United States." (Doc. 13-1 at 1.) Mr. Wawiernia nevertheless moves this Court to "vacate the District Court's merit judgment and remand the case with instructions to enter a dismissal without prejudice, preserving the right of the United

---

[1] Mr. Wawiernia styles his Response, in part, as a "Response to Motion to Dismiss[.]" (Response, p. 1.) Appellee ThredUp Inc. ("ThredUp") filed Defendant-Appellee ThredUp Inc.'s Motion to Dismiss United States of America ex rel. Jason Wawiernia's Appeal on December 10, 2025. (Doc. 3.) Any response to ThredUp's Motion to Dismiss contained in Mr. Wawiernia's Response is untimely.

States and Relator to refile once specialized qui tam counsel is secured." (*Id.* at 3.) Dismissal *is* the appropriate remedy here, but the judgment below should not be vacated, and the dismissal should not be without prejudice.

Mr. Wawiernia argues that the decision below should be vacated and the case should be remanded with instructions to enter a dismissal without prejudice to "preserv[e] the right of the United States and Relator to refile once specialized qui tam counsel is secured." This misunderstands the procedural posture of this case. Mr. Wawiernia had, with the assistance of counsel, a full and fair opportunity to litigate his case: the United States declined to intervene in Mr. Wawiernia's case (RE 30), the District Court granted ThredUp's Motion to Dismiss on the merits (RE 53) and entered judgment in ThredUp's favor (RE 54), and the District Court denied Mr. Wawiernia's Motion to Vacate (RE 58). Mr. Wawiernia then terminated his counsel in October 2025, and he has been unable to secure new counsel, which speaks volumes to the strength of his underlying claim. As the District Court's found, "Relator has no support for his allegation that ThredUp improperly used the Parcel Return Service, and so ThredUp's use of the labels cannot be fraudulent. Without any plausible inference of fraud, Relator's qui tam claim fails." (RE 53, PAGEID 405.)

A dismissal without prejudice may have been appropriate at the District Court had Mr. Wawiernia filed his complaint without counsel, *Zanecki v. Health All. Plan*

*of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014), but here, after the District Court reached a decision on the merits against Mr. Wawiernia, the proper course is to dismiss the appeal altogether. *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007). The practical effect of Mr. Wawiernia's request would be a soup-to-nuts redo of his entire case, and the Court should not provide this, particularly where there has not been any briefing on the merits of the District Court's decision.

Vacating this well-reasoned judgment would reward Mr. Wawiernia's decision to proceed without counsel with providing no benefit to the United States, which has previously declined to intervene. Accordingly, because relators like Mr. Wawiernia who bring *qui tam* suits on behalf of the United States cannot proceed *pro se* and because no legitimate basis exists to disturb the District Court's merits determination, ThredUp respectfully requests that this Court grant its motion to dismiss this appeal.

DATED: April 27, 2026   Respectfully submitted,

*/s/ Matthew D. Ridings*
Marisa T. Darden
Matthew D. Ridings
BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
216.363.4500
mdarden@beneschlaw.com
mridings@beneschlaw.com

*Attorneys for Defendant-Appellee*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2), I hereby certify that the forgoing reply brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a). The forgoing motion contains 689 words of Times New Roman 14-point proportional type across 56 lines of text.  The word processing software to prepare this brief was Microsoft Word.


Dated: April 27, 2026            */s/ Matthew D. Ridings*
                                       Matthew D. Ridings

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have mailed courtesy copies of the foregoing document to the case participants identified below.

Mr. Jason Wawiernia
13458 Boyer Road
Mulliken, MI 4886
*Appellant*

*/s/ Matthew D. Ridings*
Matthew D. Ridings

28572906