No. 25-2035

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA EX REL. JASON WAWIERNIA
*Plaintiff – Appellant*

v.

THREDUP INC.
*Defendant – Appellee*

On Appeal from the United States District Court for the Western District of Michigan

No. 1:24cv810

# BRIEF OF APPELLEE THREDUP INC.

Marisa T. Darden
Matthew D. Ridings
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
216-363-4500
MDarden@beneschlaw.com
MRidings@beneschlaw.com

August 27, 2026

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Sixth Circuit Rule 26.1, Defendant-Appellee, ThredUp Inc., makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation:
   **Answer:** No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?
   **Answer:** No

<u>**TABLE OF CONTENTS**</u>


I. INTRODUCTION ........................................................................................1

II. STATEMENT OF JURISDICTION ..........................................................4

III. STATEMENT OF ISSUES PRESENTED ................................................5

IV. STATEMENT OF CASE ........................................................................6

V. SUMMARY OF ARGUMENT..................................................................9

VI. ARGUMENT..........................................................................................11

a. STANDARD OF REVIEW ......................................................................11

b. A *Pro Se* Relator Cannot Maintain A *Qui Tam* Action Where The United States Has Declined To Intervene ..........................................11

i. Wawiernia has not been deprived of any property rights .........16

ii. The Department of Justice's ability to intervene does not cure the defect ..........................................................................18

c. The District Court's Well-Reasoned Opinion Should Be Affirmed...19

i. The Domestic Mail Manual does not require parcels sent by Parcel Return Service to be returned merchandise ...................19

a. 2023 Change to Negotiated Service Agreement ............22

b. Other Non-binding Postal Service Guidance .................25

d. The Governing Text Is Unambiguous, So No Interpretation Is Necessary.........................................................................................25

V. CONCLUSION.........................................................................................26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. Tenneessee Dep't of Corr*,
28 F. App'x 475 (6th Cir. 2002) ........................................................................25

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................11

*Berger v. Medina Cnty. Ohio Bd. of Cnty. Comm'rs*,
295 F. App'x 42 (6th Cir. 2008) ........................................................................25

*Brantley v. Title First Titling Agency*,
No. 1:12-CV-608, 2012 WL 6725592 (S.D. Ohio 2012) ..................................14

*United States ex rel. Brooks v. Lockheed Martin Corp.*,
237 F. App'x 802 (4th Cir. 2007) ........................................................12, 13, 15

*Curley v. Perry*,
246 F.3d 1278 (10th Cir. 2001) ........................................................................17

*United States ex rel. Brooks v. Ormsby*,
869 F.3d 356 (5th Cir. 2017) ............................................................................12

*Deutsche Bank Nat'l Trust Co. v. Holyfield*,
309 F. App'x 331 (11th Cir. 2009)....................................................................14

*Deutsche Bank Nat'l Trust Co. v. Tucker*,
621 F.3d 460 (6th Cir. 2010) ............................................................................26

*Downey v. United States*,
No. 1:19-CV-15032019 WL 7290963 (N.D. Ohio Dec. 30, 2019)....................14

*United States ex rel. Eisenstein v. City of New York*,
556 U.S. 928 (2009)..........................................................................................12

*Georgakis v. Ill. State Univ.*,
722 F.3d 1075 (7th Cir. 2013) ....................................................................14, 15

*Goodpasture v. Tennessee Val. Auth.*,
434 F.2d 760 (6th Cir. 1970) ....................................................................17

*Gunn v. Credit Suisse Grp. AG*,
610 F. App'x 155 (3d Cir. 2015) ................................................................12

*Initiative & Reform Inst. v. U.S. Postal Serv.*,
417 F.3d 1299 (D.D.C. 2005) ....................................................................24

*Jones v. Jindal*,
409 F. App'x. 356 (D.C. Cir. 2011)...........................................................12

*United States ex rel. Lu v. Ou*,
368 F.3d 773 (7th Cir. 2004) ....................................................................12

*United States ex rel. May v. United States*,
839 Fed. Appx. 214 (10th Cir. 2020)..........................................................12

*McGhee v. Light*,
384 F. Supp. 3d 894 (S.D. Ohio May 15, 2019)...........................................14

*United States ex rel. Mergent Servs. v. Flaherty*,
540 F.3d 89 (2d Cir. 2008) ..................................................................12, 13

*United States ex rel. Milam v. Univ. of Texas*,
961 F.2d 46 (4th Cir. 1992) ......................................................................13

*Moody v. Michigan Gaming Control Bd.*,
847 F.3d 399 (6th Cir. 2017) ....................................................................11

*Nasuti ex rel. U.S. v. Savage Farms Inc.*,
No. 14-1362, 2015 WL 9598315 (1st Cir. Mar. 12, 2015) ...............................12

*United States v. Onan*,
190 F.2d 1 (8th Cir. 1951) ........................................................................12

*United States ex rel. Polansky v. Exec. Health Res., Inc.*,
599 U.S. 419 (2023) ................................................................................18

*Scottsdale Ins. Co. v. Flowers*,
513 F.3d 546 (6th Cir. 2008) ....................................................................11

*Stephens v. Nat'l City Corp.*,
No. 20-3746, 2021 WL 3027864 (6th Cir. June 14, 2021) ............................9, 12

*Stoner v. Santa Clara Cnty Office of Educ.*,
502 F.3d 1116 (9th Cir. 2007) .....................................................................12, 13

*Timson v. Sampson*,
518 F.3d 870 (11th Cir. 2008) .........................................................................12

*Universal Health Servs., Inc. v. United States*,
579 U.S. 176 (2016)..........................................................................................18

*United States ex rel. USN4U, LLC v. Wolf Creek Fed. Servs., Inc.*,
34 F.4th 507 (6th Cir. 2022) .............................................................................18

*Vermont Agency of Nat'l Res. v. U.S. ex rel. Stevens*,
529 U.S. 765 (2000).....................................................................................17, 18

*United States ex rel. Young v. CSL Plasma*,
No. 20-CV-10738, 2020 WL 5819593 (E.D. Mich. Sept. 30, 2020) .................14

**Statutes**

28 U.S.C § 1331 ...............................................................................................4

28 U.S.C § 1654 .........................................................................................13, 15

31 U.S.C. § 3729(a)(1).........................................................................................7

31 U.S.C. § 3730(c)(a)(A) .................................................................................18

31 U.S.C. § 3732(a) .............................................................................................4

**Regulations**

39 C.F.R. § 111.1 ................................................................................................1

71 Fed. Reg. 16043 (Mar. 30, 2006) ...........................................................20, 21

87 Fed. Reg. 69171 (Nov. 18, 2022) .................................................................22

**Federal Rules**

Fed. R.App. P. 10(a) ..........................................................................................25

Fed. R. Civ. P. 12(b)(6) .......... 11

**Other Authorities**

2 W. Blackstone, Commentaries 437 .......... 17, 18

U.S. Postal Service, DOMESTIC MAIL MANUAL .......... *Passim*

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellees respectfully submit that this case may be decided without oral argument.

## INTRODUCTION

This case involves the interpretation of the Domestic Mail Manual – the comprehensive authority that regulates every United States Postal Service mail service. *See* 39 C.F.R. § 111.1. The district court held that Relator failed to show that ThredUp Inc. ("ThredUp") violated any postal regulation and, therefore, could not allege any plausible theory of fraud–dooming his claim. None of Relator's arguments on appeal disturb that result.

This *qui tam* action under the False Claims Act alleges that ThredUp, an online consignment and thrift store, defrauded the United States Postal Service by using USPS's Parcel Return Service to receive shipments of used clothing from consumers. (Opinion and Order ("Opinion"), RE 53, PageID.397–405.) The legality of that conduct turns on the proper interpretation of the Domestic Mail Manual, and after reviewing the two decade history of Parcel Return Service Regulations, the district court granted ThredUp's motion to dismiss because Relator's theory of fraud rested on an outdated regulation that was repealed in 2006. (*Id*. at PageID.397–405.) On appeal, Relator repackages the same flawed argument – supplemented with extra-record materials never presented to the district court – but the fundamental problem remains unchanged: ThredUp's use of the Parcel Return Service was fully compliant with postal regulations.

Relator claims that the Parcel Return Service may only be used if the parcels contain goods returned to the Merchants by consumers that bought them. (Opinion, RE 53, PageID.398.) But the sole Domestic Mail Manual provision requiring that "[p]arcels contain merchandise being returned to the merchant" appeared only in an experimental 2004 version of the Manual and was eliminated by a 2006 amendment. (Opinion, RE 53, PageID.402.) When the final rule was adopted in 2006, the Domestic Mail Manual never again included that condition. (*Id*. at PageID.403.) ThredUp was not created until 2009 – three years after the rule was repealed – so the single clause Relator relies upon never could have applied to ThredUp's alleged conduct. (*Id.*)

Relator now argues on appeal that the 2006 amendment merely expanded "the agent of retrieval" without eliminating the return requirement, and that a Mail Classification Schedule provision and PostalPro labeling instructions independently imposed the same restriction. (Appellant Br. 19.[1]) Relator never raised these arguments or presented this evidence below. Relator's own counsel failed to submit this material to the district court, and Relator's post-judgment attempt to inject it via

[1] Nearly a month after filing his brief, Wawiernia submitted a motion to submit a corrected brief. Dkt. 20, Appellant Mot. to Substitute. Despite not receiving a ruling from the Court, Wawiernia tendered his Amended Brief the same day he submitted his motion. Because the Court has not ruled that this amended brief is proper, ThredUp responds to Wawiernia's initially filed brief – Docket number 19. ThredUp respectfully requests the right to respond to Wawiernia's Amended Brief (Docket number 21) should the Court accept this amended filing.

a Rule 60(b) motion was properly denied. (Order, RE 58, PageID.429–430.) This Court reviews the district court's dismissal on the record before it, not on materials Relator now wishes he had presented.

Even setting aside these forfeited arguments, Relator's additional materials are irrelevant to his claims. The current Domestic Mail Manual provides that the Parcel Return Service "is only available through a Negotiated Service Agreement," which is a contract that provides for "customized pricing, prices, and classifications" for mail service. (Opinion, RE 53, PageID.401.) The Mail Manual does not regulate the contents of parcels shipped under the program; rather, the specific terms and conditions governing a merchant's use of the Parcel Return Service are found in the applicable NSA. (*Id.*) The Relator did not allege in his Amended Complaint that ThredUp violated any provision of an applicable NSA. (*Id.* at PageID.401–02.)

Finally, Relator's threshold argument, that he may proceed pro se on appeal despite the established requirement that False Claims Act relators retain counsel, provides no basis for reversal on the merits. Even if this Court exercises jurisdiction over the appeal, the district court's dismissal should be affirmed because Relator's complaint does not state a claim for relief, and his attempts to present new allegations now, at the appellate court level, are improper and unavailing

## STATEMENT OF JURISDICTION

The district court possessed subject-matter jurisdiction over the underlying False Claims Act action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a). The district court entered a final Opinion and Order granting Defendant's Motion to Dismiss on October 14, 2025. Opinion, RE 53, PageID.397. Appellant failed to file a proper notice of appeal because he was not represented by counsel at the time he filed a notice of appeal. Because Appellant cannot represent the United States, the notice of appeal was therefore invalid. As such, this Court does not possess appellate jurisdiction to review the final decision of the district court.

## STATEMENT OF ISSUES PRESENTED

1. Whether a pro se relator may prosecute a qui tam action on behalf of the United States on appeal, where the False Claims Act requires that such actions be litigated by licensed counsel to protect the interests of the government.

2. Whether the district court correctly dismissed Relator's False Claims Act complaint for failure to state a claim where Relator's theory of fraud relied on a repealed Postal regulation, and Relator failed to identify any current regulation, contractual provision, or binding authority that ThredUp's use of the USPS Parcel Return Service allegedly violated.

## STATEMENT OF THE CASE

Appellant Jason Wawiernia ("Wawiernia"), proceeding *pro se* and purporting to represent the United States, asks this Court to reverse the district court's dismissal of his *qui tam* complaint against ThredUp Inc. ("ThredUp"). The district court held that ThredUp's use of the United States Postal Service's Parcel Return Service did not violate any applicable postal regulation and therefore could not constitute fraud under the False Claims Act. (Opinion, RE 53, PageID.397, 400.)

### a. Facts

ThredUp is an online consignment and thrift store that receives used clothes from consumers to refurbish and later sell. (Opinion, RE 53, PageID.397.) As part of its retail service, ThredUp provides consumers with Clean Out Bags and pre-paid shipping labels for customers to return their clothes to ThredUp for sale on ThredUp's website at a discounted price. (*Id.* at PageID.398.) In some instances, customers were provided with Parcel Return Service mailing labels, a Postal Service program in which package recipients retrieve their packages in bulk at designated locations in exchange for discounted shipping costs. (*Id.* at PageID.398, 401.) Wawiernia alleges that ThredUp defrauded the United States by making false representations to the Postal Service concerning the packages' contents and ThredUp's eligibility to use the Parcel Return Service labels. (*Id.* at PageID.397.)

### b. Procedural History

Relator, represented by counsel at the district court, filed his single-count Complaint on August 6, 2024. (Complaint, RE 1, PageID.1–37.) Count One alleged that ThredUp violated the False Claims Act, which permits a private individual to sue on behalf of the United States. (*Id.* at PageID.1, 5.) On April 3, 2025, the United States notified the Court it would not be intervening in the case at that time. (Notice, RE 24, PageID.85–98.) ThredUp moved to dismiss the complaint, and Relator filed an Amended Complaint, still asserting a single claim under 31 U.S.C. §3729(a)(1)(G). (Amended Complaint, RE 38, PageID.158–206.) ThredUp filed a renewed motion to dismiss. (Mot. to Dismiss, RE 41, PageID.213–310.)

The district court granted ThredUp's motion to dismiss, ruling that Wawiernia's argument relied on outdated regulations, and "[i]n reality, ThredUp's alleged conduct is not prohibited." (Opinion, RE 53, PageID.397.) After that adverse ruling, Wawiernia fired his counsel and, appearing *pro se*, filed a Rule 60(b) motion to vacate. (Mot. to Vacate, RE 55, PageID.407–422.) In that motion, Wawiernia stated: "The Relator is now pro se and is barred from prosecuting this qui tam action on his own behalf . . . As a qui tam relator, I am legally required to be represented by counsel." (*Id.* at PageID.408.)

The district court denied Relator's *pro se* motion, stating that "[t]he Court has no jurisdiction to decide Relator's *pro se* motion. He must be represented by an

attorney before proceeding with his claim." (Order, RE 58, PageID.429.) The court further held that even if it had jurisdiction, it would still deny Relator's Rule 60(b) motion because the "USPS regulations—since 2006—have *not* required that a merchant receiving a parcel with the Parcel Return Service label be the original seller of the mailed item." (*Id.* at PageID.430.)

Wawiernia thereafter filed his *pro se* Notice of Appeal. (Notice of Appeal, RE 64, PageID.446.) ThredUp filed a motion to dismiss the appeal on the grounds that Wawiernia, who is not a lawyer, is prohibited from representing the interests of the United States. (Dkt. 3, Appellee Mot. to Dismiss.) In response, Wawiernia filed an "Emergency Motion for Stay of Proceedings and Extension of Time to Secure Counsel." (Dkt. 7, Appellant Emergency Mot. for Stay.) In his motion, Wawiernia again wrote that he is prohibited from representing the United States, writing that he "acknowledges this requirement and is currently in active communication with specialized Qui Tam attorneys." (*Id.* at 2.) The motions panel granted Wawiernia's motion for a stay to retain counsel. No counsel appeared on behalf of Wawiernia, and the motions panel referred the motion to dismiss to the merits panel. (Dkt. 17, Order to Refer.)

## SUMMARY OF THE ARGUMENT

The False Claims Act permits a private relator to bring a *qui tam* action in the name of the United States, but a *pro se* relator cannot maintain that action. Every federal circuit, including the Sixth Circuit, has recognized this requirement. *See Stephens v. Nat'l City Corp.*, No. 20-3746, 2021 WL 3027864, at *4 (6th Cir. June 14, 2021) ("[A] plaintiff proceeding pro se cannot bring a qui tam claim under the False Claims Act on behalf of the government."). Wawiernia proceeds without counsel, so his appeal should be dismissed on this threshold ground alone.

Even if the Court reaches the merits, the district court correctly dismissed the Amended Complaint. Wawiernia's theory depends on a single 2004 Domestic Mail Manual provision requiring parcels to contain merchandise being returned to the merchant; the Postal Service eliminated that provision in 2006, three years before ThredUp even existed. Opinion, RE 53, PageID.402–03. No version of the Domestic Mail Manual applicable to ThredUp's alleged conduct contains the requirement Wawiernia alleges. *Id.* at PageID.403–04.

The current Domestic Mail Manual makes Parcel Return Service available only through a Negotiated Service Agreement, and Wawiernia never alleges that ThredUp violated any provision of an NSA. *Id.* at PageID.401–02. Finally, Wawiernia's new arguments based on the Mail Classification Schedule and NSA

materials were not raised below and are forfeited. The judgment should therefore be affirmed on the merits as well.

## ARGUMENT

### a. STANDARD OF REVIEW

The Sixth Circuit reviews a dismissal under Fed. R. Civ. P. 12(b)(6) *de novo*. *Moody v. Michigan Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017). The Court accepts the complaint's factual allegations as true and views the complaint in the light most favorable to the plaintiff, but it need not accept legal conclusions or unwarranted factual inferences. *Id.* The complaint must contain sufficient factual matter, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### b. A *PRO SE* RELATOR CANNOT MAINTAIN A *QUI TAM* ACTION WHERE THE UNITED STATES HAS DECLINED TO INTERVENE.[2]

Sixth Circuit precedent forecloses a *pro se* relator from maintaining a *qui tam* action on the United States' behalf after the government has declined to intervene.

---

[2] Wawiernia waived his argument that he can represent himself *pro se* in this appeal because he failed to properly preserve the issue for appeal at the district court level. "[A]n argument not raised before the district court is waived on appeal to this Court." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). The Sixth Circuit has "found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses." *Id.* at 553. Wawiernia did not argue that he could represent himself *pro se* at the district court level and therefore, has forfeited that argument on appeal. To the contrary, Wawiernia conceded that he was barred from representing the United States. *See* Motion to Vacate, RE 55, PageID.408. Wawiernia said that barring him from appearing *pro se* would deprive him of due process. Mot. to Vacate, RE 55, PageID.408 ("The Relator is now pro se and is barred from prosecuting this qui tam action on his own behalf. . . . As a qui tam relator, I am legally required to be represented by counsel.").

*See Stephens v. National City Corp.*, No. 20-3746, 2021 WL 3027864, at *4 (6th Cir. June 14, 2021). This rule makes sense: because relators in a FCA action bring suit on behalf of the United States, and *pro se* litigants may only represent themselves, a litigant without counsel may not bring a *qui tam* action on the federal government's behalf.

Every federal circuit has reached the same conclusion. *See e.g.*, *Nasuti ex rel. U.S. v. Savage Farms Inc.*, No. 14-1362, 2015 WL 9598315, at *1 (1st Cir. Mar. 12, 2015) (unpublished); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Gunn v. Credit Suisse Grp. AG,* 610 F. App'x 155, 157 (3d Cir. 2015) (unpublished); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (unpublished); *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775–76 (7th Cir. 2004), *reversed on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009); *United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir. 1951); *Stoner v. Santa Clara Cnty Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007); *United States ex rel. May v. United States*, 839 Fed. Appx. 214, 217 (10th Cir. 2020) (unpublished); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008); *Jones v. Jindal*, 409 F. App'x. 356, 356 (D.C. Cir. 2011) (unpublished).

The reason is structural: the United States remains the real party in interest in an FCA claim, even when it declines to intervene. *See Mergent Servs.*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*"); *Stoner*, 502 F.3d at 1126-27 ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret [28 U.S.C.] § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions").

In his brief, Wawiernia suggests that the calculus is different because the "mandate" for licensed counsel has been satisfied because he was represented by counsel at the district court. It is not different. This very situation was addressed by the Fourth Circuit in *United States ex rel. Brooks v. Lockheed Martin Corp.* The False Claim Act relator, Brooks, was represented by counsel at the district court, and after the case was dismissed, Brooks pursued a *pro se* appeal of the dismissal. 237 F. App'x 802, 803 n.1 (4th Cir. 2007). The Fourth Circuit, in a per curiam opinion, dismissed the appeal, holding that "a lay person may not bring a *qui tam* action under the False Claims Act. . . . The United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits." *Id.* at 803 (citing *United States ex rel. Milam v. Univ. of Texas*, 961 F.2d 46, 50 (4th Cir. 1992)).

Wawiernia, relying on *Georgakis v. Illinois State University*, 722 F.3d 1075 (7th Cir. 2013), argues that the lack of legal representation is a procedural, and not jurisdictional defect, and because he had a lawyer at the district court, he has cleared the procedural bar and therefore he is now entitled to represent the United States. There is a split in authority as to whether a False Claims Act case brought by a non-lawyer deprives the court of jurisdiction to hear the matter. *Compare Deutsche Bank Nat'l Trust Co. v. Holyfield*, 309 F. App'x 331, 333 (11th Cir. 2009) ("If a person brings a *qui tam* action based on the FCA, and he or she proceeds *pro se*, the district court will lack subject matter jurisdiction over the claim."), *with Georgakis*, 722 F.3d at 1078 ("But the plaintiff's ineligibility to represent the United States in a *qui tam* suit does not signify an absence of standing to sue.").[3]

Regardless of whether the defect is jurisdictional or procedural, the end result is the same: Relator's appeal must be dismissed. The requirement of counsel is not

[3] Although the Sixth Circuit has not addressed representation requirements for a FCA claim in the context of jurisdiction, its district courts have consistently viewed lack of representation as a jurisdictional bar from pursuing an FCA claim. *See, e.g.*, *United States ex rel. Young v. CSL Plasma*, No. 20-CV-10738, 2020 WL 5819593, at *2 (E.D. Mich. Sept. 30, 2020) ("Relator's claims under the FCA are subject to dismissal because this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant."); *Downey v. United States*, No. 1:19-CV-15032019 WL 7290963, at *2 (N.D. Ohio Dec. 30, 2019) (dismissing *pro se qui tam* action for lack of subject matter jurisdiction); *McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio May 15, 2019) ("[T]his Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant.") (citing *Brantley v. Title First Titling Agency*, No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio 2012)).

a box to be checked and, after so doing, counsel can be dispensed with. Wawiernia is actively representing the interests of others – here, the United States. Congress and the courts require that he be an attorney to do so. 28 U.S.C. § 1654. As the Fourth Circuit explained, the need for adequate representation counsels against *pro se* suits, even if the appellant was represented at the district court. *Brooks*, 237 F. App'x at 803. Even in the case relied on by Wawiernia, the Seventh Circuit emphasized that the requirement for counsel was an ongoing one: "The plaintiff can't *maintain* this suit in his individual (as distinct from a representative) capacity either, because he doesn't claim to have been injured by the defendants in the slightest and he therefore seeks no benefit to himself from the suit other than the bounty that he could expect to be awarded if the suit were successful." *Georgakis*, 722 F.3d at 1077 (emphasis added). The gist of Judge Posner's opinion echoes that of 28 U.S.C. § 1654: to represent others in federal court, that person must be an attorney. Wawiernia's own filings, both at the district court and before this Court, repeatedly acknowledge this very requirement and his noncompliance with it. *See* Mot. to Vacate, RE 55 at PageID.408 ("The Relator is now pro se and is barred from prosecuting this qui tam action on his own behalf. . . . As a qui tam relator, I am legally required to be represented by counsel."). Wawiernia was on notice of this deficiency *before* he even filled his appeal; on November 6, 2025, the District Court denied his Motion to Vacate, writing "But as Plaintiff concedes in his own motion,

relators are barred from prosecuting qui tam cases pro se . . . The Court has no jurisdiction to decide Relator's pro se motion. He must be represented by an attorney before proceeding with his claim." Order, RE 58 at PageID.429. Wawiernia has had ample time to retain counsel. Counsel withdrew on October 29, 2025. Mot. to Withdraw, RE 56, PageID.423–25; Order, RE 57, PageID.426–28. On January 22, 2026, Wawiernia filed an Emergency Motion for Stay of Proceedings and Extension of Time to Secure Counsel before the Sixth Circuit. Dkt. 7, Appellant Emergency Mot. for Stay. There, he "acknowledge[d]" "the procedural requirement that a *pro se* relator may not represent the interests of the United States," and requested sixty days to "allow counsel to enter an appearance." *Id.* at 1-3. Wawiernia did not then, and has not now, retained counsel. The representation defect therefore defeats both this appeal and the underlying FCA action.

**i. Wawiernia has not been deprived of any property rights.**

Wawiernia also argues that a dismissal of his False Claims Act claim would deprive him of his Fifth Amendment due process rights, but Wawiernia has received due process in this matter. The district court heard his claim, he had an opportunity to amend his complaint to provide additional allegations, the court considered his arguments regarding dismissal, and it found that the claim failed to state a claim for relief. (Opinion, RE 53, PageID.400.) Wawiernia was provided the same process that every other litigant receives, and dismissing a claim for failure to state a claim

upon which relief can be granted is not a due process violation. *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001); *see Goodpasture v. Tennessee Val. Auth.*, 434 F.2d 760, 764 (6th Cir. 1970) (holding "that the District Judge did not commit reversible error in granting the motion to dismiss the complaint without a hearing … District Courts 'may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.'").

Wawiernia characterizes his dismissed FCA claim as a "property right" – specifically, his "statutory right to pursue the assigned [FCA] claim." Dkt. 19, Appellant Br. at 15. Wawiernia cites *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000), for the proposition that he has a vested property interest in the claim. This, however, misunderstands the holding in *Stevens*. Although the Supreme Court did hold that the relator can be reasonably regarded to have been assigned a portion of the government's claim, it also explained that the "right" the relator "seeks to vindicate does not even fully materialize until the litigation is completed and the relator prevails." *Id.* at 773. The Supreme Court cited Blackstone's Commentaries, which describe the *qui tam* bounty as an "inchoate

imperfect degree of property . . . [which] is not consummated till judgment." *Id.* at 773 n. 3 (quoting 2 W. Blackstone, Commentaries 437).[4]

**ii. The Department of Justice's ability to intervene does not cure the defect.**

Wawiernia argues that his appeal should proceed because the Department of Justice is vested with the power to protect its interests and that the Government "has taken no such action." Dkt. 19, Appellant Br. at 17. This argument does not address the dispositive issue. The Department of Justice's decision not to exercise its dismissal authority under 31 U.S.C. § 3730(c)(2)(A) is neither an affirmative endorsement of Appellant's pro se appeal, nor does it cure the structural deficiency of a *pro se* relator representing the United States.

Both the Sixth Circuit, *United States ex rel. USN4U, LLC v. Wolf Creek Federal Services, Inc.*, 34 F.4th 507, 517–18 (6th Cir. 2022), and the Supreme Court, *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 185 (2016), have noted that the Department of Justice's decision to intervene, or not to intervene, is not a relevant factor in FCA materiality analysis. The fact that the Government could

[4] Wawiernia's brief acknowledges that the government maintains an absolute right to intervene and dismiss the case over his objection. *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023). This holding underscores that the realtor does not have a vested property right in the *qui tam* claim during the litigation, or else the government could not dismiss the claim over a relator's objection.

intervene, as it may in *any* FCA suit, is irrelevant and should not be treated as a failsafe or a way to nullify any claim of prejudice.

### c. THE DISTRICT COURT'S WELL-REASONED OPINION SHOULD BE AFFIRMED.

Even should this Court reach the merits of Wawiernia's appeal, he cannot prevail. The appeal presents a straightforward issue for review: do Postal Service regulations require that packages shipped by Parcel Return Service contain only merchandise that is being returned to the original seller. The district court reviewed the history of the Domestic Mail Manual since 2004 and concluded that the regulations contained no such requirement at any relevant time and, accordingly, ThredUp could not have defrauded the Postal Service. As recognized by the district court, Relator's claim suffers from a fatal flaw: it is "premised on an improper interpretation of applicable USPS regulations and relies on outdated requirements." Opinion, RE 53, at PageID.397. The district court correctly construed and applied the Domestic Mail Manual to this case, and its opinion should be affirmed.

#### i. The Domestic Mail Manual does not require parcels sent by Parcel Return Service to be returned merchandise.

Wawiernia's Amended Complaint rests on Domestic Mail Manual Section G993 Parcel Return Services, which was last updated on October 3, 2004. RE 38-1. Specifically, Wawiernia points to the following language from the 2004 experimental version of the Domestic Mail Manual:

> Parcels may use PRS when all of the following conditions apply: (1) *Parcels contain merchandise being returned to the merchant,* (2) Parcels bear a PRS label that meets the standards in 4.0, (c) The parcel shows the permit number, and the permit holder has paid the annual PRS permit fee and the annual PRS accounting fee.

Amended Complaint, RE 38-1, PageID.168 (emphasis added). This "specific provision," however, "was short lived." Opinion, RE 53, PageID.402. In 2006, when the Parcel Return Service became permanent, the Postal Service modified the requirements relating to the contents of the parcel:

> **11.1.2 Conditions for Mailing**[5]
>
> Parcels may be mailed as PRS [Parcel Return Service] when all of the following conditions apply:
>
> a. *Parcels contain eligible matter as described in 153.3.0 and 153.4.0.*[6]
> b. Parcels bear a PRS label that meets the standards in 11.4.
> c. Parcels show the permit number, and the permit holder has paid the annual PRS permit fee and the annual PRS account maintenance fee.

[5] Section 3.2 of the "Current USPS Postal Pro" attached to Wawiernia's Motion to Vacate. *See* Mot. to Vacate, RE 55-1, PageID.413) contains the same three conditions.

[6] Section 153.3.0 governs the contents of a parcel: "Parcel Post mail consists of mailable matter that is neither mailed or required to be mailed as First-Class Mail nor entered as Periodicals. . . . The general public (other than publishers or registered news agents) may mail copies of Periodicals publications at Parcel Post rates." Section 153.4.0 covers written additions to parcels (such as "Do Not Open Until Christmas," § 4.2(c)) that do not require additional First-Class postage. Neither provision require the parcel to "contain merchandise being returned to the merchant," as the prior experimental iteration had.

71 Fed. Reg. 16043, 16044 (Mar. 30, 2006). The 2006 amendment eliminated the specific clause that forms the basis of Relator's claim, and nothing in the 2006 version of the Domestic Mail Manual contains any requirement that a parcel contain merchandise originally sold by the recipient. Opinion, RE 53, PageID.403. The 2006 version of the Domestic Mail Manual remained unchanged in relevant part until 2023, when the Parcel Return Service was delisted as a competitive product. *Id.*

Wawiernia argues that the district court misinterpreted the 2006 amendment, and the purpose of the amendment was solely to permit third-party logistics providers to retrieve packages, but this argument simply ignores that the amendment explicitly addressed the *contents* of the parcel. In the 2004 Manual, a requirement was that the parcel "*contain* merchandise being returned to the merchant." *Id.* at PageID.402. In 2006, that requirement was deleted and the new requirement was that the Parcels "*contain* eligible matter" – *i.e.*, not First-Class mail or periodicals. *Id.* at PageID.403 n.2. The amendment does not address who may retrieve parcel – that is addressed in the Domestic Mail Manual, Section 11.1.1 (Mot. to Dismiss, RE 41-2, PageID.240) – but instead goes to the very heart of this appeal: what contents are permitted in the parcels. The answer is clear: so long as a parcel does not contain First-Class mail or periodicals, it may be shipped Parcel Return Service.

Wawiernia's own brief gives the argument away. He writes, "[t]he USPS removed the phrase [']to the movement['] solely to permit these newly established 3PLs…to legally retrieve the parcels." Dkt. 19, Appellant Br. at 22. Except the amendment did *not* just remove the phrase "to the merchant." It deleted, in its entirety, the requirement that the parcel "contain merchandise being returned to the merchant." As much as Wawiernia may wish that the 2004 regulations still apply, they simply do not.

a. *2023 Change to Negotiated Service Agreement*

After January 22, 2023, the Postal Service removed PRS from its competitive product list. PRS became available only through a Negotiated Service Agreement ("NSA") with the Postal Service. *See* U.S. Postal Service, DOMESTIC MAIL MANUAL (DMM), at § 505.4.0 (April 7, 2025), at Mot. to Dismiss, RE 41-4, PageID.297 ("Parcel Return Service is only available through a Negotiated Service Agreement."); 87 Fed. Reg. 69171, at 69175 (Nov. 18, 2022) (same). An NSA is a contractual arrangement between the Postal Service and a mailer that provides for "customized pricing, prices, and classifications under the terms and conditions established in the NSA and may include modifications to current mailing standards and other postal requirements." U.S. Postal Service, DOMESTIC MAIL MANUAL (DMM), at, § 709.1.1.1. Accordingly, the only rules that applied to PRS after

January 22, 2023, are those contained in an NSA between the permit holder and the Postal Service.

The current version of the Domestic Mail Manual summarizes this update:

> Parcel Return Service (PRS) applies to parcels that are picked up in bulk at authorized locations and scheduled by authorized permit holders or their agents. Parcel Return Service is only available through a Negotiated Service Agreement (NSA) (see 709.1.0). For additional details, see "Postal Return Service" at Postal Pro or contact a USPS sales representative.

Opinion, RE 53, PageID.401.

Wawiernia's Amended Complaint does not allege the terms of any NSA between the Postal Service and ThredUp or even that an NSA *exists* between the Postal Service and ThredUp. There are likewise no allegations that ThredUp breached the terms of an NSA or even that ThredUp is a PRS permit holder. *Id.* at PageID.402. Without such allegations, Wawerinia cannot show that "ThredUp's use was improper, let alone fraudulent." *Id*.

Undeterred, Wawiernia argues for the first time on appeal that because the 2004 requirement for the parcel to contain returned merchandise was never repealed, and because an NSA cannot "grant waivers to alter the fundamental classifications," of the mail, ThredUp's use of the Parcel Return Service is necessarily fraudulent and the language of the NSA is irrelevant. Dkt. 19, Appellant Br. at 12. Leaving aside that the 2004 requirement *was* removed in 2006, the very purpose of the NSA is to allow the Postal Service to create customized mail service. The Domestic Mail

Manual specifically provides that an NSA "may include modifications to current mailing standards and other postal requirements." U.S. Postal Service, DOMESTIC MAIL MANUAL (DMM), at § 709.1.1.1. The unavoidable fact is that Wawiernia's Amended Complaint did not allege a breach of the NSA, and without such allegation, the district court correctly concluded that Wawiernia failed to state a claim for relief.

b. *Other Non-binding Postal Service Guidance*

Wawiernia's brief points to other materials such as websites, labeling instructions, or Postal Bulletins,[7] but these are simply not legal requirements for the Parcel Return Service program. The legal requirements for the use of the program are published in the Federal Register and codified as part of the Domestic Mail Manual, and now, contained in an NSA between the permit holder and the Postal Service. As the district court explained, these shorthand descriptions of the program "should not be construed as a requirement for participating in PRS," Opinion, RE

[7] The 2006 Postal Bulletin on which Wawiernia relies was before the district court. Mot. to Vacate, RE 55, PageID.418. It contains the same language as the Domestic Mail Manual, and provides that "Parcels may be mailed as PRS when all of the following conditions apply: a. Parcels contain eligible matter as described in 153.3 and 152.4." *Id.* at PageID.419. Even if the Postal Bulletin contained conflicting language, Wawiernia is incorrect in his claim that the Bulletin is binding and supersedes conflicting interpretations. *See* Appellant Brief, Dkt. 19, Appellant Br. at 19. A Bulletin is not a Postal Service Regulation, it is not subject to notice and comment, and it cannot override the clear language of the Code of Federal Regulations. *Initiative & Reform Inst. v. U.S. Postal Serv.*, 417 F.3d 1299, 1317–18 (D.D.C. 2005).

53, PageID.404, particularly where the promulgated regulations contain explicit requirements for eligibility. Instead, the statements relied on by Relator are nothing more than "helpful guide[s] for consumers and merchants attempting to navigate a government program that is already controlled by federal regulations." *Id.* at PageID.405.

On appeal, Wawiernia also cites the USPS Mail Classification Schedule (MCS) Section 2120.1 and a "Negotiated Service Agreement framework" and "accompanying Application for Non-Public Treatment." Dkt. 19, Appellant Br. at 25. These materials were not part of the District Court record. Where a party has "filed documents on appeal that do not appear in the district court record . . . they cannot be considered by this court on appeal." *Alston v. Tennessee Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing Fed. R. App. P. 10(a)); *see also Berger v. Medina Cnty. Ohio Bd. of Cnty. Comm'rs*, 295 F. App'x 42, 46 (6th Cir. 2008) (holding that documents filed with the district court after final judgment was entered are not part of the record on appeal).

Even if considered, neither documents would warrant reversal or remand. The Mail Classification Schedule published by the Postal Regulatory Commission merely lists each product offered by the Postal Service. The NSA framework is merely a form provided by the Postal Service. Neither bind the Postal Service or ThredUp, and neither establish an FCA claim.

### d. THE GOVERNING TEXT IS UNAMBIGUOUS, SO NO INTERPRETATION IS NECESSARY.

Wawiernia's final argument is that the District Court erred by violating "the Ordinary Meaning Canon" and "implicitly redefin[ing] 'return.'" Dkt. 19, Appellant Br. at 26. But no interpretation occurred because no interpretation is necessary. The Sixth Circuit instructs that "[u]nless they are otherwise defined, the words in a statute will be interpreted as taking their ordinary, contemporary, common meaning. . . . If the statutory language is unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced." *Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460, 462–63 (6th Cir. 2010). Here, the language is clear. The regulations plainly specify when a parcel may be mailed Parcel Return Services. There is no requirement having anything to do with a "return," so it need not be interpreted. The inquiry ends there and the Court should enforce the governing text as written.

## CONCLUSION

For the reasons set forth above, ThredUp respectfully requests that this Court affirm the District Court's judgment of dismissal and dismiss Wawiernia's appeal.

DATED: August 27, 2026

Respectfully submitted,

*/s/ Matthew D. Ridings*
Marisa T. Darden
Matthew D. Ridings
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
216.363.4500
mdarden@beneschlaw.com
mridings@beneschlaw.com

*Attorneys for Defendant-Appellee*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that the forgoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B). The forgoing brief contains 5,170 words of Times New Roman 14-point proportional type across 448 lines of text, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b). The word processing software to prepare this Brief was Microsoft Word.

I also certify that the Brief also complies with the type-face requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

Dated: August 27, 2026

/s/ Matthew D. Ridings
Matthew D. Ridings

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have mailed courtesy copies of the foregoing document to the case participants identified below.

Mr. Jason Wawiernia
13458 Boyer Road
Mulliken, MI 4886
*Appellant*

*/s/* Matthew D. Ridings
Matthew D. Ridings

## DESIGNATION OF ORIGINATING COURT DOCUMENTS

| ECF | Date | Item | Page ID |
|---|---|---|---|
| 1 | 08/06/2024 | Complaint | 1-37 |
| 24 | 04/03/2025 | Notice of the United States of America that it is Not Intervening at This Time | 85-98 |
| 35 | 06/16/2025 | Defendant ThredUp Inc.'s Motion to Dismiss United States of America ex rel. Jason Wawiernia's Complaint | 119-153 |
| 38 | 06/30/2025 | Amended Complaint | 158-206 |
| 41 | 07/14/2025 | Defendant ThredUp Inc.'s Motion to Dismiss United States of America ex rel. Jason Wawiernia's Complaint | 213-310 |
| 44 | 08/11/2025 | Response to Motion to Dismiss | 315-333 |
| 47-1 | 08/28/2025 | Defendant ThredUp Inc.'s Reply in Support of its Motion to Dismiss United States of America ex rel. Jason Wawiernia's Amended Complaint | 356-368 |
| 53 | 10/14/2025 | Opinion and Order | 397-405 |
| 55 | 10/27/2025 | Motion to Vacate | 407-422 |
| 56 | 10/29/2025 | Motion to Withdraw | 423-425 |
| 57 | 10/30/2025 | Order Granting Motion to Withdraw | 426-428 |
| 58 | 11/06/2025 | Order Denying Motion to Vacate | 429-430 |
| 64 | 11/13/2025 | Notice of Appeal | 446 |